The Law Office of
# Carol Coplan Babbitt

35 East Wacker Drive • Suite 650 • Chicago, Illinois 60601
Telephone: 312/435-9775 • Facsimile: 312/782-4519
Email: carol@ccbabbittlaw.com • Email: ccblaw@msn.com • www.ccbabbittlaw.com

January 14, 2016

Mr. Aaron Jacoby
Attorney at Law
5454 W. Fargo Ave.
Skokie, IL 60077

Dr. Yakov Weil, Cathy Allen, Sidney Glenner, Joshua Ray
Therapy Masters
5454 W. Fargo Ave.
Skokie, IL 60077

Re: *Ellen Woodstein*

Dear Mr. Jacoby:

Please be advised that I have been retained by Ellen Woodstein to see that she receives all outstanding compensation still due from her former employment at Brentwood North Nursing & Rehabilitation Centre and Therapy Masters, both affiliates of Health and Home Management, Inc. It is my understanding you represent them in Ms. Woodstein's employment matters so I am directing this letter to you. Our claims also implicate individual liability on behalf of Dr. Weil and Cathy Allen, as well as potentially, Sidney Glenner and Joshua Ray, as they have personally been responsible for the decisions and unlawful conduct against Ms. Woodstein. Please advise if you will be representing them as well.

We believe Ms. Woodstein's employment was unlawfully terminated on or about October 23, 2015. According to the documents I have reviewed, and the facts presented by Ms. Woodstein, in or about August of 2014, Ms. Woodstein sustained an injury at work clearly covered by the Illinois Workers compensation Statute. She filed a claim for recovery and needed approximately ten (10) months to recoup but just as she was ready to come back to work she sustained more injuries in a non-work related vehicle accident. Because of this combined situation she was required to take significant time off under the Illinois Workers Compensation Statue and the Family Medical Leave Act ("FMLA") to treat the injuries. When the FMLA leave expired she was still treating her injuries but was in constant communication with Dr. Weil about her condition through text messaging (Ms. Woodstein saved copies of these texts) and then, in October of 2015, Therapy Masters demanded she return to work or lose her job. Ms. Woodstein was timely cleared to return to work and she was terminated within 24 hours of appearing fully released to return to work under the pretext the company no longer had sufficient speech therapy needs at Brentwood North for two therapists nor could they provide her with full time work even if she combined services throughout the other nine (9) buildings.

*Woodstein Letter, P. 2*

We believe the termination was unlawful as, the in-house therapist, Cindy Stulp, has had an extensive work schedule requiring mandatory overtime hours, and assistance from other Therapy Masters therapists in addition to a "PRN" visiting therapist from the Rosewood Nursing Care facility. Further, even when the other therapists do not have therapy patients covering an entire work day, they remain clocked in to work, on the facility premises, and continue to work in the office completing paperwork and other building duties, but Ms. Woodstien, the therapist who had required extensive leave, was terminated. We believe the termination was based upon a combination of unlawful decisions by Therapy Masters such as; retaliation for having taken FMLA leave, retaliation for filing a workers compensation claim and being "regarded as" having a disability rendering her incapable of performing her duties because the treating doctor's note clearing Ms. Woodstein for work revealed Ms. Woodstein was still symptomatic (although capable of returning to work unimpeded.) We have drafted a Charge of Discrimination which has not yet been filed with the Equal Employment Opportunity Commission or the Illinois Department of Human Rights covering her claim of "perceived" disability. (copies attached)

In accordance with the FMLA, an employer may not retaliate against an employee for having exercised her rights under the Act. *See example; Sheils v. Gatehouse Media, Inc., et al*, No. 12 CV 2766, (N.D. Ill. 2015) (official cite unavailable). An individual may be deemed an employer for purposes of the FMLA act and, therefore, Dr. Weil, Cathy Allen, Sidney Glenner and Joshua Ray may all be deemed an employer as the decision makers here, and face individual liability under the FMLA for Woodstein's wrongful termination. *See examples*; *Austin v. Cook County*, No. 07-c-3184, 2009 WL 799488, at *3 (N.D. Ill. March 25, 2009) (Andersen, J.); see also *Shockley v. Stericycle, Inc.*, No. 13-cv-01711, 2013 WL 5325632, at *3-4 (N.D. Ill. Sept. 19, 2013) (Darrah, J.); *Smith v. Univ. of Chicago Hosp.*, No. 02-c-0221, 2003 WL 22757754, at *6-7 (N.D. Ill. Nov. 20, 2003) Further, an employer may not discriminate against an employee for its perceived notion that the employee is unable to perform the essential function of their job especially here where the employee could perform the essential function of her job without restriction. Title 42 U.S.C. 12101. *See example; Zakaras v. United Airlines, Inc.*, 121 F.Supp.2d 1196 (N.D. Ill. 2000). Finally, under the common law theory of retaliatory discharge, an employer faces liability for terminating an employee because of a workers compensation claim filed against them by that employee. *Kelsay v. Motorola, Inc.*, 74 Ill. 2d 172, 181-82 (1978). A discharge gives rise to a retaliatory discharge when it violates a "clear mandate of public policy." *Hartlein v. Illinois Power Co.*, 151 Ill. 2d 142, 160 (1992). An employer "may not present the employee with a choice between his job and his legal entitlement to compensation" under the Worker's Compensation Act. *Id*. at 166.

We also note that Ms. Woodstein worked on October 22, 2015 for a half hour and she worked 5.0 hours on October 23, 2015 but she has not been paid for this work time, plus her employment agreement with Therapy Masters provides she will be reimbursed for her incidental professional licensing costs and a 'Loyalty Bonus' and she has not received these amounts either. The Illinois Wage Payment and Collection Act (ILWPCA") defines wages/final compensation to

*Woodstein Letter P. 3*

include earned salary, vacation, bonus, commissions and *any other compensation due an employee pursuant to an agreement between the parties*. ILWPCA 820 ILCS 115/2 (2010). (Emphasis supplied) Not only does this violate the ILWPCA but it constitutes a breach of contract as well. Final compensation must be paid to an employee at the time of departure or at the very latest by the next regular pay period otherwise the employer is liable for the amount owed plus 2% interest on the unpaid balance for every month thereafter the balance goes unpaid plus reimbursement for attorney's fees and costs incurred in collecting the final compensation owed. 850 ILCS 115/5, 115/14 (2010). *Id*. Additionally, liquidated damages may be awarded for willfully failing to timely pay final compensation. 850 ILCS 115/14 and any agent of an employer may be deemed an employer for purposes of the Wage Payment and Collection Act for having knowingly made a decision allowing failure to pay an employee's final compensation. 850 ILCS 115/13 (2010). See ex., *Byung Moo Soh v. Target Marketing Systems, Inc. et. al*, 817 N.E.2d 1105 (1st Dist. 2004). Here, Therapy Masters, Brentwood North and the named individuals may all be deemed an employer for purposes of the FMLA, and the Illinois Wage Payment and Collection Act, as all four were directly responsible for the unlawful decisions which have led to Ms. Woodstein's termination and inadequate reimbursement. We view Brentwood North and Therapy Masters as a joint employer for their continual supervision, control and decision-making abilities regarding her employment even after she signed an agreement with Therapy Masters. Therefore, under the FMLA and The Illinois Wage Payment acts they will be subject to corporate and individual liability just as if they all were her employer. Under the ADA and other common law causes of action such as Intentional/Negligent Infliction of Emotional Distress and Retaliatory Discharge, the corporate entities are liable.

Pursuant to the Wage Payment and Collection Act and the Attorneys Fees in Wage Actions Act (the Attorneys Fees Act) (705 ILCS 225/0.01 et seq. (West 2010)), this is a final demand to pay the amount owed, as indicated herein, or otherwise incur accumulated attorney's fees, interest, costs and other penalties including personal liability on particular employees. You may contact me if you wish to resolve this matter outside of litigation. Otherwise, I will proceed to enforce Ms. Woodstein's rights as I deem appropriate.

                                      Very truly yours,

                                      Carol Coplan Babbitt

/ccb
C: Ellen Woodstein
Enclosures

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

**Illinois Department of Human Rights** and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Ellen Woodstein | (847) 571-4747 | 10/9/1962 |

| Street Address | City, State and ZIP Code |
|---|---|
| 16 Cornell Dr. | Lincolnshire, IL 60069 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Health and Home Management, Inc., d/b/a Therepy Masters | 50+ | (847) 674 - 8311 |

| Street Address | City, State and ZIP Code |
|---|---|
| 5454 West Fargo Ave., | Skokie, IL 60077 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Health and Home Management, Inc. d/b/a Brentwood North Nursing & | 100+ | (847) 947-9000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3705 Deerfield Road | Riverwoods, IL 60015 |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 08/01/14   Latest: 10/23/2015
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

**SEE ATTACHED**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I sware or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date       Charging Party Signature | |

## PARTICULARS OF EMPLOYMENT DISCRIMINATION

I. I am a female, individual who was employed as a speech therapist with the joint employer, respondents, from in or about September of 2008, until I was unlawfully terminated on or about October 23, 2015. I initially started as a part-time therapist with Advanced Therapy and Rehab at the Brentwood North location in or about July 2005, I then became a full time therapist starting in January of 2007 forward. I had been consistently and successfully working out of that location. In or about September of 2008 ownership changed and I signed a new employment agreement with Therapy Masters and continued my services at Brentwood North. Therapy Masters and Brentwood North are both owned by the same parent company, Health and Home Management, Inc. My employers, Therapy Masters and Brentwood North, have jointly supervised, managed and controlled my employment during the pendency of my employment. In or about July of 2015, I was involved in a personal injury accident affecting my ankles, left wrist and brain, as I had a concussion with lingering headaches and nerve damage to my eye. I was off of work from the accident to and including October of 2015. My employer demanded that I return to work and I was released to return to work from my treating doctors without restriction. I presented a letter from my treating physician that I could return to work as a speech therapist, full-time, and without restriction. But the letter indicated I was still slightly symptomatic and my employer used that language against me. They "regarded" me as disabled and unable to perform my duties. Even though I could return to work Respondents terminated me immediately after I presented the letter indicating I could return to work under the pretext that there was insufficient speech therapy hours available. I am aware that there is, and was, at the time I was slated to return to work, sufficient patient need for full-time speech therapy for me in addition to the other speech therapist still employed at Brentwood North. Additionally, all other non-injured therapists stay at work and perform paperwork and other duties to achieve full-time hours during a work day even when there are insufficient therapy hours for them, but I was not able to do this and I was terminated instead of being allowed to perform some therapy hours and some office work hours to complete my work week. I believe my employer "perceived" that I was unable to perform the essential function of my job because of the lingering symptoms identified by my doctor but as my doctor indicated I was and am fully capable of performing my duties as a therapist without restriction and, therefore, I have been discriminated against because I am regarded as having a disability that renders me unable to perform the class of jobs I am qualified to perform.

II. I believe I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act, Title 42 U.S.C. 12101, and 28 U.S.C. 1331, 1343(a)(3).